Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY L. HAINES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1405-CR-210 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-1308-FA-48

**December 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Larry Haines appeals his eighty-year aggregate sentence, which is the result of his convictions for burglary, attempted arson, intimidation, and battery. Haines asks whether his sentence is inappropriate in light of the nature of his offenses and his character. Concluding Haines's sentence is not inappropriate, we affirm.

## Facts and Procedural History

Haines and his wife, Jeanie Haines, have been legally separated since 2009, and in May of 2013, Jeanie obtained a protection order against Haines. On the evening of May 16, 2013, Jeanie was relaxing in her bedroom when she heard her dog barking and noise coming from her living room area. Jeanie went to investigate, and as she entered the living room, Haines crashed through the locked front door of her home, carrying a handheld torch and a bottle of lighter fluid. Haines sprayed lighter fluid on the floor and walls, and he unsuccessfully attempted to light his torch. Jeanie retreated to her bedroom, and Haines followed, continuing to slosh lighter fluid as he went. Haines cornered Jeanie in the bedroom, grabbed her by the arm, and poured lighter fluid all over Jeanie's chest. Haines berated Jaimie, asking "why did you put a restraining order on me, see how easy it would be for me to fucking kill you, you fucking bitch, why did you do this?" Transcript at 197. Jeanie escaped from her home and ran in hopes of finding someone to call for help.

Jeanie ran down the street, but she was soon overtaken by Haines, who was in his vehicle. Haines pulled over in front of Jeanie and again splashed lighter fluid on her.

2

Haines then threatened to destroy a box containing her son's ashes, which he had taken from Jeanie's home. After following Jeanie a little farther down the street, Haines eventually drove off—still in possession of the ashes. Haines was arrested later that evening.

Prior to trial, Haines sent three letters from jail encouraging his son to provide a false alibi at trial and threatening to have him sent to jail and killed if he failed to do so. Haines's letters included the following statements:

> If I get found guilty for any reason boy I am killing a few people including myself . . . If your not going to testify for me like I said then don't even show up for court. Your testimony is the only one that matters . . . so do what I ask you to do son you have no choice unless want things to get ugly in your life . . . .

> [Y]ou will either go to court and be my aliby or you too will never see your kids again . . . You telling them what I said to say is the only thing that matters. That will not get you in any trouble . . . They can't touch you for being my aliby. One fucken lie from you is all I ask and if this is too much then I am sorry boy but your life is almost over . . . I wrote you already and told you what you needed to say. Nothing more or less. Tell them we was together like I said . . . .

> [W]hen you get to prison I will have my real friends kill you for this. So I hope you enjoy your next few days with my grandkids because you are going to be in jail looking at the rest of your life in prison you scared ass punk . . . [Y]ou better have already told [my defense attorney] that you and I was mushroom hunting by the time I get to court on Tue, or you better have your mom Jeanie in the river. Its your choice do you want to gamble with my life I can and will end yours . . . .

State's Exhibits 19A, 20A, and 21A (spelling and grammatical errors in original).

The State charged Haines with two counts of burglary, Class A felonies; attempted arson, a Class A felony; intimidation, a Class C felony; and battery, a Class C felony. Following a jury trial, Haines was found guilty of attempted arson, intimidation, battery,

3

and one count of burglary. The trial court merged Haines's convictions for burglary and intimidation and sentenced him to forty years for burglary, forty years for attempted arson, and seven years for battery. Haines's forty year sentences for burglary and attempted arson were ordered consecutive, resulting in an aggregate sentence of eighty years imprisonment. This appeal followed.

<u>Discussion and Decision</u>

### I. Standard of Review

Haines asserts that his eighty-year sentence is inappropriate and requests that this court reduce that sentence to an aggregate term of forty years. Indiana Appellate Rule 7(B) provides appellate courts with the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." It is the defendant's burden to persuade the reviewing court that the sentence is inappropriate. <u>Conley v. State</u>, 972 N.E.2d 864, 876 (Ind. 2012).

### II. Haines's Sentence

First, Haines argues that the nature of his offenses does not warrant his enhanced and consecutive sentences because the injuries Jeanie sustained as a result of Haines's crimes were "relatively minor." Appellant's Brief at 2. Haines points to Jeanie's victim impact statement, in which she stated that she suffered no severe injuries. While Jeanie's physical injuries may not have been severe, this court cannot discount the emotional trauma she suffered as a result of Haines's actions or the violence and aggression with which Haines perpetrated his crimes. Haines burst through a locked door, poured lighter

4

fluid on Jeanie's person and around her home, and threatened to kill her. Indeed, had Haines been able to ignite the torch he carried, Jeanie's life may well have ended that night. Making matters worse, Haines committed these offenses despite knowing that a protection order had been issued against him. While this case may not be "the worst of the worst," the offensive nature of Haines's crimes does not persuade us that a revision is necessary.

Likewise, Haines's poor character does not merit a sentence reduction. Haines's criminal history, which includes convictions for criminal sexual conduct, failure to register as a sexual offender, and aggravated assault, reflects negatively on his character. See Rutherford v. State, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The presentence investigation report also reveals that Haines has a history of illegal drug use, which includes abuse of methamphetamine. Moreover, the letters written by Haines from jail further diminish this court's opinion of his character. Those letters evince a complete lack of remorse for Haines's actions. Even worse, the letters are a straightforward attempt to procure false testimony at his trial by way of threats and blackmail, and at one point, Haines suggested that his son, rather than lie at trial, kill Jeanie to prevent her from testifying.

In sum, Haines has not met his burden of persuading us that his sentence is inappropriate in light of the nature of his offenses and his character.

## Conclusion

Concluding Haines's eighty-year sentence is not inappropriate in light of the nature of his offenses and his character, we affirm.

5

Affirmed.

BAKER, J. and KIRSCH, J. concur.